# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————————————

## Case No. 25-40355

———————————————

**United States of America,**

**Plaintiff - Appellee**

**v.**

**Eulice Emerson Alvey,**

**Defendant - Appellant**

———————————————————————

### Appeal from the United States District Court
### for the Eastern District of Texas
### Case No. 1:23-CR-00124-MAC-ZJH-2

———————————————

### APPELLANT'S BRIEF

———————————————

**Murdoch Walker, II. Esq.**
**Ga. Bar No. 163417**
**Bingzi Hu, Esq.**
**Ga. Bar No. 455315**

**Lowther | Walker LLC**
**101 Marietta St., NW, Ste. 3650**
**Atlanta, GA 30303**
**O 404.496.4052 | F 866.819.7859**
**www.lowtherwalker.com**

**Attorneys for Appellant**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of 5th Cir Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
| --- | --- |
| United States of America | Marisa Miller of U.S. Attorney's Office Plano, TX |
| United States of America | Reynaldo Morin of U.S. Attorney's Office Beaumont, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Eulice Alvey | Murdoch Walker, II of Lowther Walker, L.L.C. Atlanta, GA |
| Eulice Alvey | Katryna Lyn Spearman of Lowther Walker, L.L.C. Atlanta, GA |
| Eulice Alvey | Bingzi Hu of Lowther Walker, L.L.C. Atlanta, GA |

_**s/ Bingzi Hu**_
Bingzi Hu, Esq.

i

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Alvey respectfully submits that the facts and legal arguments are adequately presented in the briefs and record and that the decisional process would not be significantly aided by oral argument, and, therefore, does not request one.

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS.................................................i

STATEMENT REGARDING ORAL ARGUMENT .....................................ii

TABLE OF CONTENTS...................................................................iii

TABLE OF AUTHORITIES .............................................................iv

JURISDICTIONAL STATEMENT........................................................1

STATEMENT OF ISSUES.................................................................1

STATEMENT OF THE CASE ............................................................2

SUMMARY OF ARGUMENT ...........................................................4

ARGUMENT ..............................................................................6

   I.   Former Counsel's Ineffective Assistance Resulted in Mr. Alvey's
      Unknowing and Involuntarily Guilty Plea............................6

       a.   Standard of Review ...................................................6

       b.   Lagel Framework ......................................................6

       c.   Argument ................................................................9

   II.  Mr. Alvey's Sentence Was Procedurally and Substantively Unreasonable
      ..............................................................................13

       a.   Standard of Review ..................................................13

       b.   Lagel Framework .....................................................13

       c.   Argument ...............................................................15

          1.   Loss Amount ........................................................15

2.    Acceptance of Responsibility ...............................................17

3.    Other Factors .........................................................................22

CONCLUSION .....................................................................................23

CERTIFICATE OF SERVICE................................................................25

CERTIFICATE OF COMPLIANCE .......................................................26

# TABLE OF AUTHORITIES

**Statutes**

18 U.S.C. § 3231 ..................................................................................1

28 U.S.C. § 1291 ..................................................................................1

18 U.S.C. § 1349 ..................................................................................2

18 U.S.C. § 3553 ...............................................................5, 13, 14, 24

18 U.S.C. § 3148 ................................................................................23

**Cases**

*Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) .................................22

*Boykin v. Alabama*, 395 U.S. 238 (1969) ......................................................8

*Bradbury v. Wainwright*, 658 F.2d 1083 (5th Cir. 1981) ..............................8

*Bradshaw v. Stumpf,* 545 U.S. 175 (2005) ...................................................12

*Calloway v. Powell*, 393 F.2d 886 (5th Cir. 1968) ........................................8

*Diaz v. Martin*, 718 F.2d 1372 (5th Cir. 1983) ...........................................8, 9

*Gall v. United States*, 552 U.S. 38 (2007) ...................................................13

*Hill v. Lockhart*, 474 U.S. 52 (1985) ..............................................................7

*Kimbrough v. United States*, 552 U.S. 85 (2007) ........................................14

*Ladd v. State*, 3 S.W.3d 547 (Tex. Crim. App. 1999) ..................................22

*Lamb v. Estelle*, 667 F.2d 492 (5th Cir. 1982) ..............................................9

*McMann v. Richardson,* 397 U.S. 759 (1970) ................................................6

*Missouri v. Frye*, 132 S.Ct. 1399 (2012) ......................................................7

*Mitchell v. United States*, 526 U.S. 314 (1999) ...........................................24

*North Carolina v. Alford*, 400 U.S. 25 (1970) .............................................7

*Strickland v. Washington*, 466 U.S. 668 (1984) .........................................6-7

*United States v. Bishop*, 629 F.3d 462 (5th Cir. 2010) ................................6

*United States v. Henderson*, 72 F.3d 463 (5th Cir. 1995) ...........................15

*United States v. Hudgens*, 4 F.4th 352 (5th Cir. 2021) ...............................13

*United States v. Jacobs*, 635 F.3d 778 (5th Cir. 2011)................................13

*United States v. Monzon*, 359 F.3d 110 (2d Cir. 2004)...............................15

*United States v. Pennington*, 667 F.3d 953 (7th Cir. 2012) ........................14

*United States v. Reasor*, 418 F.3d 466 (5th Cir. 2005) .................................6

*United States v. Rhine*, 637 F.3d 525 (5th Cir. 2011) .................................13

*United States v. Smith,* 440 F.3d 704 (5th Cir. 2006) .................................13

*United States v. Velasquez*, 881 F.3d 314 (5th Cir. 2018)...........................22

*United States v. Vonn*, 535 U.S. 55 (2002) ...................................................8

**Federal Sentencing Guidelines**

U.S.S.G. § 2B1.1(2004) ...........................................................................18-19

U.S.S.G. § 3E1.1(2004)................................................................................19

U.S.S.G. § 3E1.1 cmt. n. 1 .....................................................................20, 21

U.S.S.G. § 3E1.1 cmt. n. 3 ..........................................................................21

**Other**

John H. Laub & Robert J. Sampson, *Understanding Desistance from Crime*, 28 Crime and Justice, 1 (2001)......................................................................25

Ryan Cotter, *et al.*, *Recidivism of Federal Offenders Released in 2010*. U.S. Sent'g Comm'n (2021) .....................................................................................25

Thomas J. Mowen, *et al.*, *Family Matters: Moving Beyond "If" Family Support Matters to "Why" Family Support Matters during Reentry from Prison*, 56(4) J. of Rsch. in Crime and Delinq. 483 .........................................................25

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this criminal matter under 18 U.S.C. § 3231. This Court has appellate jurisdiction over this appeal of a final judgment under 28 U.S.C. § 1291. The district court sentenced Mr. Alvey on June 5, 2025, and entered a Judgment on the same day. (ROA.369–74, J., ECF No. 95.) Mr. Alvey timely filed his Notice of Appeal on June 13, 2025. (ROA.377, ECF No. 97.)

## STATEMENT OF ISSUES

1. Whether former counsel's ineffective assistance resulted in Mr. Alvey's unknowing and involuntary guilty plea?

2. Whether Mr. Alvey's sentence is procedurally or substantively unreasonable, where: (1) the district court abused its discretion in denying the defense's motion for a downward variance based on former counsel's ineffectiveness in stipulating to a loss amount which vastly exceeded the loss reasonably foreseeable to Mr. Alvey; (2) the district court abused its discretion in declining to apply any reduction for Mr. Alvey's acceptance of responsibility; and (3) the district court issued a sentence greater than necessary?

**STATEMENT OF THE CASE**

On December 6, 2023, a federal jury indicted Mr. Alvey with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. (ROA.21–8, Indictment, ECF No. 2-1.)

On July 31, 2024, Mr. Alvery entered into a Plea Agreement. (ROA.242–54, Plea Agreement, ECF No. 54.) The Plea Agreement stipulated a loss amount which vastly exceeded the loss that was reasonably foreseeable to Mr. Alvey, and included a sweeping waiver of his appellate rights. (ROA.242–54, Plea Agreement, ECF No. 54.) It is clear from the records that former counsel's ineffective assistance resulted in Mr. Alvey's unknowing and involuntary guilty plea. On August 12, 2024, the district court accepted Mr. Alvey's guilty plea. (Min., Aug. 12, 2024.)

On September 17, 2024, and September 26, 2024, the district court conducted hearings on the Government's petition to revoke bond based on Mr. Alvey's state charges of forgery. (Mins., Sept. 17, 2024, and Sept. 26, 2024.) The court denied the Government's petition. (ROA.113–8, Order, ECF No. 69.)

On June 5, 2025, the court held the sentencing hearing in this case. (Min., Jun. 5, 2025.) Mr. Alvey was sentenced to fifty-seven months of imprisonment and five years of supervised release. (ROA.157–63, J., ECF No. 95.)

On June 13, 2025, Mr. Alvey timely filed his Notice of Appeal. (ROA.377, ECF No. 97.)

2

Other facts and procedural points will be developed as necessary within the arguments.

**SUMMARY OF THE ARGUMENT**

First, former counsel's ineffective assistance resulted in Mr. Alvey's unknowing and involuntary guilty plea. Specifically, due to former counsel's constitutionally deficient performance, the plea stipulated to a loss amount which vastly exceeded the greater of the actual or intended loss attributable to Mr. Alvey, where his limited exposure to the offense was evident from the record in this case. The Plea Agreement also included a sweeping waiver of his appellate rights. As such, because former counsel ineffectively advised him to plead guilty under terms that mirrored a worst-case-scenario at trial, Mr. Alvey entered into a plea agreement that was patently irrational and provided him with no discernible benefit. Consequently, his guilty plea must be voided. The appeal waiver contained in Mr. Alvey's Plea Agreement does not preclude the challenges to his conviction and sentence, because the ineffective assistance of counsel tainted the Plea Agreement and the waiver itself.

Furthermore, Mr. Alvey's sentence is procedurally and substantively unreasonable because the district court (1) abused its discretion in denying Mr. Alvey's request for a downward variance on grounds of former counsel's ineffective assistance as a mitigating factor when determining the attributable loss amount; (2) abused its discretion in declining to apply any reduction for acceptance of responsibility contrary to the explicit provisions of the Guidelines; and (3) failed

4

to consider for a lenient sentence based on other factors outlined in 18 U.S.C. § 3553(a).

## ARGUMENT

**I.    Former Counsel's Ineffective Assistance Resulted in Mr. Alvey's Unknowing and Involuntary Guilty Plea**

### a.    Standard of Review

"Regardless of whether an ineffective assistance of counsel claim is raised in a motion for a new trial, on collateral review, or on direct appeal, the standard of review is the same." *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). The defendant bears the burden of demonstrating that (1) counsel's performance fell below an objective standard of reasonableness and that (2) but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–96.

The validity of a guilty plea is reviewed *de novo*. *United States v. Reasor*, 418 F.3d 466, 478 (5th Cir. 2005).

### b.    Legal Framework

"[T]he [Supreme Court] has recognized that 'the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). To establish ineffective assistance of counsel, the defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that the error must have prejudiced the defendant. *Strickland*, 466 U.S. at 687–8. *Strickland* is careful to discourage the application of this two-part test as a set of "mechanical rules," and instead to guide the decision-making process and

6

ultimately to focus the inquiry on the "fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696. Further, the defendant must show that he was prejudiced by the deficiencies in his counsel's performance. *Id*.

The *Strickland* standard applies to guilty pleas and the plea-negotiation process as well. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As to the first element, in *Missouri v. Frye*, 132 S.Ct. 1399 (2012), the Supreme Court ruled that defense counsel has the duty to communicate formal offers from the prosecution to accept a guilty plea on terms and conditions that may be favorable to the accused. *Id*. at 1408. When the defendant shows that his counsel failed to advise him of a plea offer or failed to allow him to consider it, he meets the first *Strickland* element. *Id*. The second element of the *Strickland* test, as applied to the plea-negotiation process, is that there is a reasonable probability the defendant would have pleaded guilty had competent advice been given. *Id*. If the defendant can show that he would have pleaded guilty had his defense counsel given him competent advice, he meets the second *Strickland* element. *Id.*

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence

7

demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (internal marks

omitted). As the Fifth Circuit stated:

> [t]he Constitution forbids judicial acceptance of a plea of guilty to a criminal offense unless that plea is entered both voluntarily and knowingly. To ensure that guilty pleas are entered only as the result of an informed and conscious choice, the accused has the right to the effective assistance of counsel in deciding upon and entering such a plea. This instrumental right cannot be satisfied by a facade, but requires actual and competent advice.

*Diaz v. Martin*, 718 F.2d 1372, 1374 (5th Cir. 1983).

A plea that is knowing and voluntary implicates both due process and Rule

11, which enumerates procedures "meant to ensure that a guilty plea is knowing

and voluntary." *United States v. Vonn*, 535 U.S. 55, 58 (2002). For a plea to be

entered voluntarily, knowingly, and intelligently, the defendant must be aware of

the relevant circumstances and the likely consequences. *Boykin v. Alabama*, 395

U.S. 238, 242 (1969).

Moreover, ineffective assistance may render a guilty plea involuntary and,

hence, invalid as a waiver of the defendant's rights against self-incrimination, to

confront his accusers, and to a trial by jury. *Bradbury v. Wainwright*, 658 F.2d

1083, 1087 (5th Cir. 1981). Whether appointed or retained, counsel must,

therefore, ensure that guilty pleas are entered only as an informed and voluntary

choice, by actually and substantially assisting the defendant in deciding whether to

plead guilty. *Id*. Counsel *must* be familiar with the facts and the law, including

potential defenses, so that he can fully advise the defendant of options available to

8

him. *Calloway v. Powell*, 393 F.2d 886, 888 (5th Cir. 1968). The quality of advice provided by counsel to a defendant who pleads guilty must be within the standard of competence demanded of attorneys representing fee-paying defendants in criminal cases at the time. *Lamb v. Estelle*, 667 F.2d 492, 494 n.6 (5th Cir. 1982). In this regard, the Fifth Circuit particularly warned that:

> [c]ounsel cannot exonerate himself by the assertion that his client asked for no more than perfunctory inquiry and a lawyer to stand up with him in order to assure that the state kept its bargain. Unless the client declines advice, his counsel has a duty to advise him competently and fully. A lawyer's professional duty requires more than mechanical review of the documents signed by the accused and acquiescence in a plea bargain already struck. If the accused refuses to accept proper representation, the lawyer should either withdraw or inform the court fully about the limited nature of the service he has been able to render.

*Diaz*, 718 F.2d at 1378.

### c.    Argument

Here, Mr. Alvey did not enter into the plea agreement freely and voluntarily based on his former counsel's failure to properly and adequately advise him of the facts, circumstances, and applicable law concerning the consequences of the plea. Thus, Mr. Alvey was denied his rights to effective assistance of counsel protected by the Sixth Amendment to the U.S. Constitution.

Mr. Alvey, due to former counsel's constitutionally deficient performance, entered into a plea agreement that was patently irrational and provided him with no discernible benefit. The plea stipulated to a loss amount, $1,943,834.31, which vastly exceeded the greater of the actual or intended loss attributable to Mr. Alvey.

ROA.245, Plea Agreement, ECF No. 54. Based on that number, Probation determined that the total loss amount is $2,491,956.46. ROA.267, Presentence Investigation Report ("PSR") ¶ 45, ECF No. 76. Notably, these two numbers resulted in the same sixteen-level enhancement pursuant to U.S.S.G. §2B1.1(b) (1) (I) (2004).

On top of the unreasonable loss amount, Mr. Alvey's Plea Agreement also included a sweeping waiver of his appellate rights. Had Mr. Alvey proceeded to trial and been convicted on the single conspiracy count with which he was charged, while his sentence might still be the same, he would have been in a more favorable position than what he received through the plea because he could still enjoy his full rights to appeal. Consequently, the plea agreement is involuntary and invalid, and his sentence should be vacated.

Former counsel's performance fell below an objective standard of reasonableness by failing to leverage Mr. Alvey's limited role in the conspiracy to negotiate a favorable plea agreement, and instead advising him to plead guilty under terms that mirrored a worst-case scenario at trial.

Mr. Alvey's limited exposure to the offense was evident from the Indictment. Specifically, the twelve-count indictment charged Mr. Alvey solely with Count One, the conspiracy charge. ROA.13, Indictment, ECF No. 2. He was not named in the eleven substantive bank fraud counts, clearly indicating his minor role compared to his co-defendant, Mr. Billy Ray Thomas. ROA.29, Indictment,

10

ECF No. 2. The specific conduct alleged against Mr. Alvey in the Indictment allegedly resulted in a loss amount of $119,944, consisting of:

- $13,254 in ¶ 23

- $24,000 in ¶ 29

- $27,000 in ¶ 34

- $44,890 in ¶ 39

- $10,800 in ¶ 44

ROA.16–20, Indictment 5–9, ECF No. 2. The loss amount in the Indictment is only *6.17%* of the stipulated loss amount in the plea agreement. *Id.* Furthermore, even the Government only sought a monetary judgment of $771,633.00, "which represents the proceeds Alvey unlawfully acquired from DLLC Finance Company," and which is only *39.7%* of the stipulated loss amount that former counsel deficiently negotiated. ROA.30, Indictment 19, ECF No. 2.

Similarly, the PSR only substantiated a total amount of $246,900.97 attributable to Mr. Alvey, including:

- $50,499.16 in ¶ 16

- $7,176.96 in ¶ 17

- $11,235.18 in ¶ 18

- $21,630.77 in ¶ 19

- $5,000.00 in ¶ 24

- $43,000.00 in ¶ 28

- $12,358.90 in ¶ 29

- $96,000 in ¶ 31

ROA.287–90, PSR 6–10, ECF No. 76. The substantiated loss amount attributable to Mr. Alvey represents only *12.7%* of his stipulated loss amount. The PSR further contains no factual basis that the entire conspiracy loss was reasonably foreseeable to Mr. Alvey. *See generally* ROA.282–302, PSR 1-21, ECF No. 76.

With the above as a backdrop, any competent counsel would have negotiated a plea agreement that limited Mr. Alvey's liability to the loss amount directly attributable to him. Unfortunately, however, former counsel advised Mr. Alvey to plead guilty to the entire conspiracy and, critically, to stipulate to a loss amount of $1,943,834.31. This stipulation formed the primary basis for his Sentencing Guidelines range and was catastrophically higher than the amounts for which he was actually responsible.

Thus, Mr. Alvey's plea provided no benefit and incurred significant cost. A plea agreement is a bargain where a defendant surrenders trial rights in exchange for a benefit from the prosecution. *See Bradshaw v. Stumpf,* 545 U.S. 175, 185 (2005) (shortcomings of a defendant's plea bargain will cast doubt on the validity of his plea if they show the defendant made the unfavorable plea on the constitutionally defective advice of counsel). Here, Mr. Alvey received no benefit. He stipulated to a loss amount that the Government would have struggled to prove was attributable to him at trial or at sentencing. Furthermore, he waived his right to

12

appeal. As will be demonstrated below, the consequence of the former counsel's fundamental failure was a substantively unreasonable sentence.

Specifically, as defense counsel argued at the sentencing, while the Plea Agreement contains a provision for acceptance of responsibility, Mr. Alvey did not receive such benefit, because the court denied it despite "the law and the facts are unequivocally in Mr. Alvey's favor for a two-level reduction for acceptance of responsibility." R.206, 212, Sent'g Tr. 11, 17, ECF No. 100. Furthermore, Mr. Alvey is "going to get a zero-point offender reduction whether he pled guilty or whether he went to trial. It's not a benefit of the plea." R.213, Sent'g Tr. 18, ECF No. 100. Moreover, the loss stipulation in the Plea Agreement represents "the sum of two money judgments, one of which belongs entirely to Mr. Thomas." R.213, Sent'g Tr. 18, ECF No. 100. In addition, the appeal waiver is "[n]ot even a conditional one. It is an absolute one," which in itself should be deemed invalid under the spirit of contract law. R.213, Sent'g Tr. 18, ECF No. 100.

Unfortunately, however, the sentencing court conveniently dismissed such well-supported arguments, concluding that "the court is holding to the plea agreement." R.224, Sent'g Tr. 29, ECF No. 100. In this regard, the court commented that "I think that Mr. Alvey violated his conditions of pretrial release. . . . I agree it's not relevant conduct but it's other criminal activity . . . I probably would have revoked him, but it didn't happen." R.210, Sent'g Tr. 15, ECF No. 100. Not only is the court's reasoning directly contrary to its previous finding of no

violation and its denial of the Government's petition for bond revocation, more importantly, but the unpredictability contained therein also tainted the appearance of judicial integrity. As to the loss amount, the Judge stated that "[Mr. Alvey was] charged with conspiracy. I mean, you understand the implications of conspiracy. It's not just what he did. It's the whole conspiracy. It's what other conspirators did as well." R.218, Sent'g Tr. 23, ECF No. 100. By saying so, the court deviated from the "reasonably foreseeable" standard. It categorically regarded the loss amount about the conspiracy as applicable to Mr. Alvey. In sum, the court plainly erred in "holding to the plea agreement" under such circumstances. R.224, Sent'g Tr. 29, ECF No. 100.

As such, but for the former counsel's ineffectiveness, Mr. Alvey would not have pleaded guilty, would have insisted on going to trial, and would have enjoyed his unlimited right to appeal. Even if Mr. Alvey had gone to trial, been convicted, and the Government had successfully proven its maximum alleged loss figure of $711,633, his Guidelines range would likely have been lower than the range resulting from his plea. The plea agreement, born of former counsel's ineffectiveness, placed Mr. Alvey in a worse position than if he had been convicted at trial. Not only did he receive a potentially harsher sentence, but he also surrendered his right to appeal the very loss calculation that was the core of the error.

As such, Mr. Alvey did not enter into the Plea Agreement knowingly and

14

voluntarily due to former counsel's ineffectiveness. Consequently, his guilty plea, including any appeal waiver included therein, must be voided.

## II.   Mr. Alvey's Sentence was Procedurally and Substantively Unreasonable

### a.   Standard of Review

Appellate courts review the reasonableness of a sentence under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Hudgens*, 4 F.4th 352, 357–8 (5th Cir. 2021).

Courts generally review *de novo* the preclusive effect of an appellate waiver. *United States v. Jacobs*, 635 F.3d 778, 780–1 (5th Cir. 2011).

### b.   Legal Framework

A district court commits "significant procedural error" by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. *See also United States v. Rhine*, 637 F.3d 525, 528 (5th Cir. 2011).

A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in

15

balancing the sentencing factors." *United States v. Smith,* 440 F.3d 704, 708 (5th Cir. 2006).

A sentencing court's "overarching" mandate is to impose a sentence "sufficient, but not greater than necessary" to achieve all the aims of § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citing 18 U.S.C. § 3553(a)). As the Seventh Circuit reiterated, this "parsimony provision" ordinarily requires that if different terms of imprisonment would satisfy the purposes of sentencing, the court should impose the lower term. *See United States v. Pennington*, 667 F.3d 953, 957 (7th Cir. 2012) (if a lower term than that imposed would be "sufficient to serve the purposes of sentencing," "the parsimony principle would ordinarily require the more lenient sentence").

The Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are "the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

18 U.S.C. § 3553(a) (2). In "determining the particular sentence to be imposed," the Court must consider these purposes, the nature and circumstances of the offense, and the history and characteristics of the defendant, the need to avoid

16

unwarranted disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a) (1)–(7).

### c.   Argument

Here, as a preliminary matter, Mr. Alvey submits that the appeal waiver contained in his Plea Agreement does not preclude the instant challenges to his sentence, because the Plea Agreement and the waiver itself were tainted to the extent of voidness by the ineffective assistance of counsel, as demonstrated above. This Court noted that a defendant may always void a waiver on the limited grounds that the ineffective assistance of counsel tainted the plea or the waiver of appeal itself. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). *See also United States v. Monzon*, 359 F.3d 110, 118–9 (2d Cir. 2004) ("The appeal waiver would be unenforceable if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious"). This holds particularly true where, like here, the defendant did not enter into a plea agreement knowingly and voluntarily.

Mr. Alvey's sentence is procedurally and substantively unreasonable for the following reasons and authorities.

### 1.   Loss Amount

At sentencing, the defense moved for a downward variance. It argued that, should the court be disinclined to void the plea agreement entirely, former counsel's ineffective assistance should be considered as a mitigating factor in

17

support of Mr. Alvey's request for a downward variance. ROA.215-223, Sent'g Tr. 20–8, ECF No. 100.

Most critically, the following comparison of the potential sentencing outcomes with a Total Offense Level of 25 and the sentence of fifty-seven months of imprisonment Mr. Alvey received reveals the profound prejudice he suffered from his involuntary guilty plea.

- Based on the loss amount alleged in the Indictment, $119,944, an eight-level enhancement would apply under U.S.S.G. §2B1.1(b) (1) (E) (2004), resulting in a Total Offense Level of seventeen. With Mr. Alvey's Criminal History Category of I, his Guidelines range would have been twenty-four to thirty months. Applying the sentencing court's method of sentencing Mr. Alvey at the low end of the range, he would have received an imprisonment of twenty-four months, or 42.1% of his current sentence.

- Based on the loss amount substantiated in the PSR, $246,900.97, Mr. Alvey would receive a ten-level enhancement pursuant to U.S.S.G. §2B1.1(b) (1) (F) (2004). His total offense level would have been nineteen; his Guidelines range would have been thirty to thirty-seven months; and his sentence would have been thirty months, or 52.6% of the sentence imposed.

- Based on the Government's claimed amount for a monetary judgment, $771,633.00, "which represents the proceeds Alvey unlawfully acquired

from DLLC Finance Company," ROA.30, Indictment 19, ECF No. 2, a fourteen-level increase would apply under U.S.S.G. §2B1.1(b) (1) (H) (2004). Accordingly, Mr. Alvey's total offense level would have been twenty-three; his Guidelines range would have been forty-six to fifty-seven months; and his sentence would have been forty-six months, or 80.7% of his current sentence.

This, coupled with the fundamental unfairness of being bound by a plea that provided no benefit due to his own counsel's failings, constitutes a compelling circumstance that warrants a lenient sentence. Unfortunately, however, the district court denied Mr. Alvey's request for a downward variance, rendering his sentence greater than necessary. ROA.223, Sent'g Tr. 28, ECF No. 100.

### 2.    Acceptance of Responsibility

In Mr. Alvey's Plea Agreement, the parties agreed to a sentence reduction up to three levels for acceptance of responsibility under U.S.S.G. §3E1.1(2004). ROA.244, Plea Agreement 3, ECF No. 54. However, Probation determined that this reduction should not apply because of Mr. Alvey's "new" Texas state charges for five counts of forgery, which were separate from the instant offense. ROA.293, 300, PSR ¶¶ 42, 80, ECF No.76. Based on the state charges, Probation found that, "[b]y failing to voluntarily withdraw from criminal conduct, the defendant has acted in a manner inconsistent with acceptance of responsibility." ROA.293, PSR ¶

42, ECF No.76. The sentencing court agreed with Probation and declined to grant any reduction for acceptance. ROA.224, Sent'g Tr. 29, ECF No. 100.

Notably, while Mr. Alvey was charged and arrested for the state charges after he entered into the Plea Agreement, the alleged criminal conduct underlying his state indictment occurred on July 11, 2023, September 15, 2023, January 12, 2024, and January 24, 2024, all before his July 31, 2024, Plea Agreement. ROA.293, PSR ¶ 42, ECF No.76. Simply put, the alleged state offenses were not committed after entering into the Plea Agreement. Thus, in no way could the state charges constitute a "new" situation that was not contemplated at the time of the Plea Agreement. Nor could it constitute Mr. Alvey's "failing to voluntarily withdraw from criminal conduct" after the Plea Agreement.

Consequently, the inquiry becomes: Does the law require Mr. Alvey to volunteer information regarding his then-unindicted state offenses, which are entirely irrelevant to the instant conviction? The answer is a resounding "No."

First, Application Note 1(B) to U.S.S.G. 3E1.1 provides that "voluntary termination or withdrawal from *criminal* conduct or associations" is a factor to be considered for purposes of acceptance. U.S.S.G. § 3E1.1 cmt. n. 1(B) (emphasis added.) By deliberately choosing the term "criminal conduct," as opposed to "suspected criminal conduct," the Commission intended not to include unadjusted criminal charges. Indeed, the Guidelines explicitly forbid penalizing a defendant

for remaining silent on relevant conduct, let alone irrelevant conduct. Application

Note 1(A) to U.S.S.G. § 3E1.1 is unequivocal:

> . . . [A] defendant is *not required* to volunteer, or affirmatively admit, relevant conduct *beyond the offense of conviction* in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous. . .

U.S.S.G. § 3E1.1 cmt. n. 1(A) (emphases added). There is no doubt that the

conduct underlying Mr. Alvey's state charges is "beyond the offense of

conviction." Hence, he is simply "not required to volunteer, or affirmatively

admit," such conduct "in order to obtain a reduction" for acceptance. *Id*.

Indeed, Mr. Alvey has satisfied the Guidelines' requirements outlined in

Application Note 3 to U.S.S.G. § 3E1.1:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct) (see Application Note 1(A)), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a).

U.S.S.G. § 3E1.1 cmt. n. 3. Since there is no dispute that the state charges are

separate and irrelevant to the instant conviction, they do not constitute relevant

conduct and thus fall outside the scope of truthful admission.

21

Furthermore, Probation's rationale conflates the presumption of innocence with a failure to withdraw from criminal conduct. The PSR contends that Mr. Alvey failed to "voluntarily withdraw from criminal conduct" because he is "denied creating the false invoices implicated in the state charges." ROA.293, PSR ¶ 42, ECF No.76. However, one cannot "withdraw" from "criminal conduct" unless that conduct has been established as criminal. Mr. Alvey is presumed innocent of the state charges. Therefore, there has been no judicial finding that he engaged in any subsequent "criminal conduct" from which to withdraw. The Probation's logic impermissibly assumes the truth of the unproven state allegations.

Moreover, the presumption of innocence and Mr. Alvey's Fifth Amendment rights bar the district court from requiring his admission of guilt to unadjudicated state charges. *See Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (a sentencing court commits fundamental error when its actions taint the presumption of innocence). This bedrock principle, protected by the Due Process Clauses of the Fifth and Fourteenth Amendments, means that "all persons are presumed innocent, and no person may be convicted unless each element of the offense is proved by the prosecution beyond a reasonable doubt." *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999); *see also United States v. Velasquez*, 881 F.3d 314, 341 (5th Cir. 2018) (upholding the jury charge that defendants were presumed innocent until proven guilty beyond a reasonable doubt by the evidence presented).

22

Thus, the sentencing court's denial of Mr. Alvey's acceptance of responsibility for failing to admit to the conduct underlying his state charges directly violates this principle. Such a denial operates as a *de facto* adjudication of guilt for the state offenses. It requires Mr. Alvey to confess, in a federal sentencing proceeding, to crimes for which he is presumed innocent and for which the State bears the burden of proof beyond a reasonable doubt in its own forum. By doing so, the district court effectively made a finding of guilt on unproven state charges without a trial, violating Mr. Alvey's due process rights and improperly interfering with the state's parallel proceeding.

Rather, the district court's prior decision denying the Government's petition to revoke bond based on the same alleged state offenses is highly significant. ROA.113-118, Order, ECF No. 69. The court issued said Order pursuant to 18 U.S.C. § 3148, which provides that "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . finds that there is . . . probable cause to believe that the person has committed a Federal, State, or local crime while on release . . ." 18 U.S.C. § 3148(b) (1) (A). The court's finding that detention was not warranted necessarily implies that Mr. Alvey had violated state law. It is logically inconsistent for the court to find later that the same alleged conduct is so definitively criminal that it warrants denying Mr. Alvey a crucial sentencing reduction.

In addition, the sentencing court's consideration of the Government's submission with its sentencing memo of evidence on the state charges, such as the state indictment, alleged forged documents, and investigation reports, necessarily created a "mini-trial" and fundamental injustice. Demanding that Mr. Alvey either confess to these charges or face a higher sentence imposes an unconstitutional penalty on the exercise of his Fifth Amendment rights. *See Mitchell v. United States*, 526 U.S. 314, 328-30 (1999) (holding that a sentencing court may not draw an adverse inference from a defendant's silence in determining facts relating to the offense).

3.    Other Factors

Mr. Alvey's sentence is also "greater than necessary," where the sentencing court denied his request for a downward variance to a range from twenty-four to thirty months based on the following factors, despite the above-specified considerations. 18 U.S.C. § 3553(a) (2).

Mr. Alvey is a 54-year-old man with absolutely zero criminal history. ROA.295, PSR ¶58, ECF No. 76. He has been married for twenty-four years and is a devoted father to two daughters, one in college and another soon to attend. ROA.297, PSR ¶64, ECF No. 76. This demonstrates a lifetime of stability, strong community ties, and a character focused on family and responsibility. He does not use drugs, barely consumes alcohol, and has deep respect for the law. ROA.297, PSR ¶68, ECF No. 76. The conduct in this case was not a pattern of his life.

As defense counsel submitted at sentencing, "[t]here [is] no threat of recidivism." ROA.219, Sent'g Tr. 24, ECF No. 100. Indeed, age and criminal history, together, are strong predictors of recidivism. *See* Ryan Cotter, *et al*., *Recidivism of Federal Offenders Released in 2010*. U.S. Sent'g Comm'n (2021) at 30. Of the people between fifty and fifty-nine years of age when released from custody in 2010, only 15% recidivated. *Id*. Mr. Alvey is in a demographic with some of the lowest recidivism rates.

Furthermore, extensive criminological research has shown that strong family support predicts desistance from crime among defendants upon release, alongside stable employment, identity transformation, and aging. *See* Thomas J. Mowen, *et al., Family Matters: Moving Beyond "If" Family Support Matters to "Why" Family Support Matters during Reentry from Prison*, 56(4) J. of Rsch. in Crime and Delinq. 483; *see also* John H. Laub & Robert J. Sampson, *Understanding Desistance from Crime*, 28 Crime and Justice, 1 (2001). Mr. Alvey unequivocally has a supportive network of family and friends, which will significantly reduce the likelihood of his recidivism. ROA.297, PSR ¶64, ECF No. 76. Thus, Mr. Alvey is statistically unlikely to commit another crime and has proven his commitment to living a law-abiding life.

As such, Mr. Alvey's sentence is both procedurally and substantively unreasonable, especially when viewing the above-specified errors collectively.

26

## CONCLUSION

Mr. Alvey respectfully requests, based on the foregoing, that this Court vacate his conviction and sentence and remand for further proceedings.

Date:           November 26, 2025

Respectfully submitted,

***s/ Murdoch Walker II***
Murdoch Walker, II. Esq.
Ga. Bar # 163417
mwalker@lowtherwalker.com

***s/ Bingzi Hu***
Bingzi Hu, Esq.
Ga. Bar # 455315
bhu@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Attorneys for Eulice Emerson Alvey

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, I electronically filed the foregoing APPELLANT'S BRIEF with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by way of the CM/ECF system, which automatically will serve this document on the attorneys of record for the parties in this case by electronic mail.

Date:        November 26, 2025

Respectfully submitted,

**_s/ Bingzi Hu_**
Bingzi Hu, Esq.
Ga. Bar # 455315
bhu@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Attorney for Eulice Emerson Alvey

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a) (7)(B), the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed R. App. P. 32(f), this document contains 5,556 words.

This document complies with the typeface requirements of Fed R. App. P.32(a) (5) and the type-style requirements of Fed. R. App. P. 32(a) (6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac version 16.45 in Times New Roman font, 14 pt.

The brief has been scanned for viruses and is virus-free. All privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13.

Date:        November 26, 2025

Respectfully submitted,

*s/ Bingzi Hu*
Bingzi Hu, Esq.
Ga. Bar # 455315
bhu@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Attorney for Eulice Emerson Alvey